[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  16-15154
_____

D.C. Docket No.  1:15-cv-01174-TWT

ALNESE FRAZIER, As parent, natural guardian and next friend of LF and BF, minor children of Melvin Vernell, III, deceased; As next friend of KW, a minor child of Melvin Vernell, III, deceased,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 12, 2017)

Before WILSON and BLACK, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

After careful review of the briefs and the record, and having the benefit of oral argument, we find no reversible error.

Frazier argues that her complaint set forth a plausible claim for negligence, wrongful death, deliberate indifference, and negligent supervision; and the district court erred by granting the United States' motion to dismiss for failure to allege a legal duty. According to Frazier, the Federal Bureau of Investigation (FBI) owed a legal duty to her fiancé, Melvin Vernell, III (Vernell), because a "special relationship" existed between the FBI and its confidential informant, Mani Chulpayev (Chulpayev). Frazier asserts that the FBI, through Special Agent Jackson, had a professional relationship with Chulpayev for several years prior to the murder of Vernell.

After reviewing the district court's grant of the motion to dismiss de novo, we conclude that Frazier's allegations are insufficient to support a finding that the FBI had the requisite degree of control over Chulpayev to be held liable under Georgia law. Moreover, Frazier has not identified, nor have we found, a liability-inducing cause of action for deliberate indifference under Georgia law in this context. The decision of the district court is

---

[*] Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

**AFFIRMED.**